

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LOW-T PHYSICIANS SERVICE, P.L.L.C., ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:18-CV-938-A |
| UNITED HEALTHCARE OF TEXAS, INC., ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiffs, Low-T Physicians Service, P.L.L.C., Low-T Physicians Professional Association, and Low-T Physicians Group, P.L.L.C., to remand. The court, having considered the motion, the response of defendants, United Healthcare of Texas, Inc., Optum Health Care Solutions, L.L.C. d/b/a Optum Healthcare Solutions, Inc. ("Optum"), United Healthcare, Inc. d/b/a United Healthcare Insurance Company, United Healthcare Community Plan of Texas, L.L.C., Evercare of Texas, L.L.C., UnitedHealthcare Benefits of Texas, Inc., United Healthcare Services, Inc., and UnitedHealth Group, Inc. (all defendants except Optum are collectively referred to as "UHG"), the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On October 16, 2018, plaintiffs filed their original petition for declaratory relief in the District Court of Tarrant County, Texas, 342nd Judicial District. Doc.[1] 1., tab 3, Ex. 2. Plaintiffs described their lawsuit as concerning the amount of payments due under certain preferred provider agreements and settlement of certain disputes regarding the proper amount of those payments. Id. ¶ 18. Plaintiffs sought declarations regarding the parties' respective rights under contracts between them, including a fully-performed settlement agreement and preferred provider contracts. Id. Specifically, plaintiffs sought declarations that: (1) UHG, by negotiating a check for "full and final payment" of claims for the period of May 1, 2014, through June 1, 2017, had entered into a binding settlement agreement for those claims; (2) pursuant to preferred provider agreements, UHG was prohibited from conducting post-payment audits and making claims for refunds or recoupment beyond time limits set by Texas law and/or based on statistical extrapolations beyond actual claims audited; and (3) each disputed claim submitted by plaintiffs was properly coded in accordance with the agreement of the parties.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

On November 21, 2018, defendants filed their notice of removal, bringing the action before this court. Doc. 1. Defendants maintained that removal was appropriate under both federal question and diversity jurisdiction. First, at least some of plaintiffs' claims were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Doc. 1 at 2. Second, the citizenship of certain unidentified Texas defendants should be disregarded because they had been improperly joined and otherwise, diversity jurisdiction existed. Id. at 4-5.

II.

Grounds of the Motion

Plaintiffs urge that neither federal question nor diversity jurisdiction exists and that the action must be remanded to the state court from which it was removed.

III.

Applicable Legal Principles

A. Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.² "The removing party bears the

---

² The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

3

burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B. <u>Fraudulent or Improper Joinder</u>

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because defendants have not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

4

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A Rule 12(b)(6)-type analysis of plaintiff's claims appears to be the proper method here to determine whether there exists a reasonable basis for a conclusion that plaintiff might be able to recover against the nondiverse defendants.

IV.

Analysis

As stated, defendants bear the burden of showing that this court has jurisdiction of this action. They have not shown that plaintiffs' claims are completely preempted. Nor have they shown that any of the defendants is improperly joined.

First, it appears that this case is like the ones distinguished in Quality Infusion Care, Inc. v. Humana Health Plan of Tex., Inc., 290 F. App'x 671, 680 (5th Cir. 2008). That is, the question here is not as to the right to ERISA benefits under a particular plan but on the amount of payment due under certain provider agreements. Such claims are not preempted by ERISA. Lone Star OB/GYN Assocs. V. Aetna Health Inc., 579 F.3d

5

525, 530 (5th Cir. 2009); <u>Texas Health Resources v. Aetna Health Inc.</u>, No. 4:13-CV-1013-A, 2014 WL 553263 (N.D. Tex. Feb. 12, 2014). It is especially ironic that defendants would make that claim when they specifically denied having made an adverse benefit determination under ERISA, saying that they had simply requested a refund of an overpayment. Doc. 7, Appx. 8.

As for the allegation of improper joinder, defendants have not shown that plaintiffs have no possibility of recovery against the Texas defendants. Plaintiffs have pleaded that all UHG defendants were parties to certain preferred provider agreements and the settlement agreement the subject of their claims.

V.

Order

The court ORDERS that plaintiffs' motion to remand be, and is hereby, granted, and plaintiffs' claims be, and are hereby, remanded to the state court from which they were removed.

SIGNED February 26, 2019.

/s/ John McBryde
JOHN McBRYDE
United States District Judge